# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CASE NO. 2:23-CR-152** |
| Plaintiff, | **JUDGE SARAH D. MORRISON** |
| vs. | |
| **FAISAL M. DAROD,** *et al.*, | |
| Defendants. | |

## PROTECTIVE ORDER FOR DISCOVERY

Upon the application of the United States of America, with the consent of the undersigned counsel, and for "good cause shown" under Rule 16(d)(1) of the Federal Rules of Criminal Procedure, the Court hereby finds and orders as follows:

1. **Disclosure Material.** The Government will make disclosure to the defendant of documents, objects, and information, including electronically stored information ("ESI"), pursuant to Rule 16 of the Federal Rules of Criminal Procedure; Title 18, United States Code, Section 3500; and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "Disclosure Material."

2. **Sensitive Material.** Certain of the Government's Disclosure Material, referred to herein as "Sensitive Material," includes information that (i) affects the privacy and confidentiality of individuals and entities; (ii) impacts the safety of individuals; (iii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; or (iv) would risk prejudicial pretrial publicity

if publicly disseminated.  The Government believes in good faith that such Sensitive Material should not be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.  Disclosure Material produced by the Government that is identified as "Sensitive" shall be deemed Sensitive Material.

3. **Highly Sensitive Material.**  Certain of the Government's Disclosure Material, referred to herein as "Highly Sensitive Material," contains information that identifies, or could lead to the identification of, witnesses who may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons, and property of loved ones, could be subject to risk of harm absent the protective considerations set forth herein.  The Government believes in good faith that such Highly Sensitive Material should be reviewed by the defendant only in the presence of counsel or their employees.  The Government further believes in good faith that the defendant should not maintain, retain, or keep copies of any records containing such Highly Sensitive Material outside the presence of counsel or their employees.  Disclosure Material produced by the Government that is identified as "Highly Sensitive" shall be deemed Highly Sensitive Material.

4. **Designation Disputes.**  Defense counsel may, at any time, seek leave from the Government to alter the designations for Disclosure Material identified as Sensitive Material or Highly Sensitive Material ("Requested Material").  The Government will promptly review such Requested Material and (i) consent to the requested designation alteration or sharing of the material; or (ii) provide defense counsel with an explanation as to why the Requested Material cannot be designated

or shared in the manner requested, to facilitate the Court's consideration of any disputes regarding the Requested Material. However, the Government's designation of material as Sensitive Material or Highly Sensitive Material will be controlling absent contrary order of the Court.

5. **General Restrictions.** Disclosure Material designated as Sensitive Material or Highly Sensitive Material shall not be disclosed by the defendant or his counsel, including any successor counsel ("the defense"), other than as set forth herein, and shall be used by the defense solely for purposes of defending this case. The defense shall not post any Sensitive Material or Highly Sensitive Material on any Internet site or network site to which persons other than the parties hereto have access, and the defense shall not disclose any Sensitive Material or Highly Sensitive Material to the media or any third party except as set forth below.

6. **Exceptions.** Sensitive Material may be disclosed by the defense to: (i) the defendant; (ii) personnel for whose conduct defense counsel is responsible, i.e., personnel employed by or retained by counsel, as needed for purposes of defending this action; and (iii) such other persons as hereafter may be authorized by the Court.

7. **Further Restrictions for Highly Sensitive Material.** Counsel may disclose Highly Sensitive Material to the defendant only for the defendant's review in the presence of counsel or their employees for purposes of defending this case. The defendant shall not maintain, retain, or keep copies of any records containing Highly Sensitive Material or information therefrom outside the presence of counsel or their employees. Counsel may otherwise disclose Highly Sensitive Material only to

personnel for whose conduct counsel is responsible, i.e., personnel employed by or retained by counsel, as needed for purposes of defending this case.

8. **Modification of Discovery Designations.** The Government may authorize, in writing, dissemination of Disclosure Material beyond that otherwise permitted by this Order without further Order of this Court.

9. **Use of Disclosure Material in Court.** This Order does not prevent the disclosure of any Disclosure Material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. However, Highly Sensitive Material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or Order of the Court. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

10. **Defense Duty to Notify.** The defense shall provide a copy of this Order to any persons retained by counsel to whom the defense has disclosed Disclosure Material or the Government's ESI production. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what information has been disclosed to which such persons.

11. **Continuing Jurisdiction.** The provisions of this Order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

**s/Jeffrey Theodore Stavroff**            **s/Noah R. Litton**
JEFFREY THEORDORE STAVROFF     NOAH R. LITTON
Attorney for Faisal M. Darod             Assistant United States Attorney


**s/Owen David Kalis**
OWEN DAVID KALIS
Attorney for Aden A. Jama


**SO ORDERED:**

_____
THE HONORABLE SARAH D. MORRISON
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF OHIO